E-FILED
Sunday, 12 February, 2023  12:09:50 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

### URBANA DIVISION

| | |
|---|---|
| Josh Mentzer, individually and on behalf of all others similarly situated, | 2:23-cv-02028 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Energizer Brands, LLC, | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1.    Energizer Brands, LLC ("Defendant") manufactures, labels and sells a portable charger for electronic devices promising 10,000 milliampere hour ("mAh") under the Energizer brand ("Product" or "Max Power Bank").



2.      Higher mAh values mean a greater charge capacity.

3.      A power bank is used to provide energy to an electronic device in the absence of any power outlets.

4.      It consists of an internal battery cell and a circuit board to control the electric current.

5.      The circuit board converts the internal battery's charge to a voltage that electronic devices can accept, a process which utilizes a substantial amount of the internal cells' power.

6.      When the power bank sends voltage to the device, it increase its battery power.

7.      The charge capacity of a power bank is measured in mAh, with higher values meaning greater charge capacity.

8.      The Product's mAh is based on an average voltage of 3.7 volts, while an electronic device such as an iPhone operates on 5v.

9.      While the Product is charging a device, 3.7v must be converted to 5v, reducing the amount of available mAh.

10.     This means the capacity of the Product is 5v = (3.7v * 10,000 mAh)/5 or 7,400 mAh, a difference of 2,600 mAh, more than twenty-five percent less than advertised.

11.     Given that the conversion efficiency for the Product is between eighty and ninety percent, the usable/output capacity is only between 6,000 and 6,600 mAh, substantially lower than the 10,000 mAh promised.

12.     Though 10,000 mAh will generate more than three charges for a smartphone with a 3,200 mAh capacity, the Product can only charge such a device less than two times.

13.     Although reasonable consumers such as the Plaintiff do not expect the Product to "keep[s] on running, they read the represented 10,000 mAh and expect and understand that the Product actually deliver the said amount of mAh.

2

Jurisdiction and Venue

14.    Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C.
§ 1332(d)(2).

15.    The aggregate amount in controversy exceeds $5 million, including any statutory and
punitive damages, exclusive of interest and costs.

16.    Plaintiff is a citizen of Illinois.

17.    Defendant's sole member is a citizen of Missouri.

18.    The class of persons Plaintiff seek to represent includes persons who are citizens of
different states from which Defendant is a citizen.

19.    The members of the classes Plaintiff seek to represent are more than 100, because
the Product has been sold with the representations described here from thousands of locations
including electronic stores, drug stores, convenience stores, big box stores, and/or online, across
the States covered by the proposed classes.

20.    Venue is in this District with assignment to the Urbana Division because a substantial
part of the events or omissions giving rise to these claims occurred in Macon County, including
Plaintiff's purchase and use of the Product, reliance on the representations and omissions, and/or
subsequent awareness they were false and misleading.

Parties

21.    Plaintiff Josh Mentzer is a citizen of Decatur, Macon County, Illinois.

22.    Defendant Energizer Brands LLC is a Delaware limited liability company.

23.    The sole member of Defendant is Energizer Holdings, Inc., is a Missouri corporation
with a principal place of business in Maryville, Nodaway County, Missouri.

24.    Plaintiff purchased the Product on one or more occasions within the statutes of

limitations for each cause of action alleged, at stores including Walmart in Decatur, Illinois, between 2021 and 2023, among other times.

25.     Plaintiff believed and expected the Product would provide 10,000 mAh because that was the number highlighted on the front label.

26.     Plaintiff compared the Product's claim of 10,000 mAh to itself and/or other similar products with lower mAh, and based his purchase decision in part on this criteria.

27.     Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, tags, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

28.     As a result of the false and misleading representations, the Product is sold at premium price, approximately not less than $29.99, excluding tax and sales.

29.     Plaintiff bought the Product at or exceeding the above-referenced price.

30.     Plaintiff paid more for the Product, would have paid less or not have purchased it had he known the representations and omissions were false and misleading.

31.     The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

32.     Plaintiff chose between this Product and others represented similarly, but which did not misrepresent or omit their attributes, requirements, instructions, features, and/or components.

33.     Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition.

34.     Plaintiff is unable to rely on the labeling and representations not only of this Product, but other power banks, because he is unsure whether those representations are truthful.

35.     If Defendant's labeling were to be truthful, Plaintiff could rely on the labeling of other brands of apple juice.

<u>Class Allegations</u>

36.     Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Illinois Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Utah, North Dakota, Kansas, Mississippi, Arkansas, Alaska, Wyoming and South Carolina who purchased the Product during the statutes of limitations for each cause of action alleged.

37.     Common questions of issues, law, and fact predominate and include whether Defendant's representations and omissions were and are misleading and if Plaintiff and class members are entitled to damages.

38.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

39.     Plaintiff is an adequate representative because his interests do not conflict with other members.

40.     No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

41.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

42.     Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to protect class members' interests adequately and fairly.

43.    Plaintiff seeks class-wide injunctive relief because the practices continue.

<u>Illinois Consumer Fraud and Deceptive Business Practices Act</u>
<u>("ICFA"), 815 ILCS 505/1, *et seq.*</u>

44.    Plaintiff incorporates by reference all preceding paragraphs.

45.    Plaintiff expected the Product would deliver 10,000 mAh and not a significantly lower amount.

46.    Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Violation of State Consumer Fraud Acts</u>
<u>(Consumer Fraud Multi-State Class)</u>

47.    The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

48.    The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

49.    Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

<u>Breaches of Express Warranty,</u>
<u>Implied Warranty of Merchantability/Fitness for a Particular Purpose</u>
<u>and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

50.    The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it would deliver 10,000 mAh and not a significantly lower amount.

51.     Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

52.     Defendant knew the product attributes that potential customers like Plaintiff were seeking, such as higher mAh values than competing power banks, and developed its marketing and labeling to directly meet their needs and desires.

53.     The representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it would deliver 10,000 mAh and not a significantly lower amount.

54.     Defendant's representations affirmed and promised that the Product did not contain chemical preservatives, because the packaging failed to disclose this fact.

55.     Defendant described the Product so Plaintiff believed that it would deliver 10,000 mAh and not a significantly lower amount, which became part of the basis of the bargain that it would conform to its affirmations and promises.

56.     Defendant had a duty to disclose and/or provide non-deceptive promises, descriptions and marketing of the Product.

57.     This duty is based on Defendant's outsized role in the market for power banks, as custodian of the Energizer battery brand.

58.     Plaintiff recently became aware of Defendant's breach of the Product's warranties.

59.     Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

60.     Defendant received notice and should have been aware of these issues due to complaints by consumers and third-parties, including regulators and competitors, to its main

offices and through online forums.

61.    The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

62.    The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it would deliver 10,000 mAh and not a significantly lower amount.

63.    The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because he expected it would deliver 10,000 mAh and not a significantly lower amount, and he relied on its skill and judgment to select or furnish such suitable product.

Negligent Misrepresentation

64.    Defendant had a duty to truthfully represent the Product, which it breached.

65.    This duty was non-delegable, and based on Defendant's position, holding itself out as having special knowledge and experience in this area, the custodian of the Energizer battery brand, consistently rated by Americans as the most trusted name in batteries.

66.    Defendant's representations regarding the Product went beyond the specific representations on its packaging and labels, as they incorporated its extra-labeling promises and commitments to quality it has been known for.

67.    These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

68.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

69.    Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, his purchase of the Product.

<u>Fraud</u>

70.    Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would deliver 10,000 mAh and not a significantly lower amount.

71.    Defendant is aware that the Product is technologically incapable of delivering the amount of mAh it claims on the label and packaging due to the processes required in converting and transferring power.

72.    The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity or deception, through statement and omission, of the representations.

<u>Unjust Enrichment</u>

73.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

 **WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the classes;

2. Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;

3. Awarding monetary, statutory and/or punitive damages and interest;

4. Awarding costs and expenses, including reasonable attorney and expert fees; and

5. Other and further relief as the Court deems just and proper.

Dated:   February 12, 2023

Respectfully submitted,

/s/ Spencer Sheehan

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com